UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJEET SINGH, et al., | Case No.  24-cv-07129-RFL |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY AND FILE A MOTION FOR RECONSIDERATION** |
| BLACKLANE NORTH AMERICA INC., | |
| Defendant. | Re: Dkt. No. 39 |

After two rounds of briefing, Blacklane's motion to compel Plaintiffs to arbitrate their claims and stay this action was granted.  Plaintiffs now seek limited discovery—with which they hope to pursue reconsideration of the order compelling arbitration.  However, as explained below, Plaintiffs have already exhausted their opportunities to litigate whether their claims belong in arbitration, and their motion is therefore **DENIED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

On January 13, 2025, Blacklane moved to compel arbitration in this action.  (Dkt. No. 17.)  Blacklane's opening brief preemptively addressed several potential opposition arguments, including the applicability of section 1 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1. (*Id.* at 17–21.)[1]  Plaintiffs did not respond to the FAA section 1 argument.  After briefing, including a sur-reply filed by Plaintiffs, the Court held a hearing and ordered limited discovery to resolve a factual dispute related to consent.  (Dkt. No. 25.)  The parties engaged in limited discovery, after which Blacklane renewed its motion on June 24, 2025.  (Dkt. No. 28.)  Plaintiffs

---

[1] All citations to page numbers refer to ECF pagination.

filed an opposition to the renewed motion—which incorporated their prior arguments—and a supplemental brief addressing FAA section 1 for the first time.  (Dkt. Nos. 29, 30.)  Plaintiffs' supplemental argument was based on an agreement between Blacklane and Emirates Airlines, which they learned of around March 2025.  (Dkt. No. 41 at 5–6.)[2]  At no point did Plaintiffs request discovery as to the FAA section 1 issue.  (*Id.* at 6 n. 3.)

After considering the parties' arguments and record evidence introduced in both rounds of briefing, including the supplemental briefing and supporting evidence, the Court granted the motion to compel arbitration.  (Dkt. No. 38.)  With respect to FAA section 1, the order explained that Plaintiffs had not carried their burden of raising a material factual dispute that Blacklane drivers, "*as a class*, are engaged in interstate commerce," such that FAA section 1 would apply. (*Id.* at 6–7 (citing *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 861 (9th Cir. 2021) (emphasis added).)  In reaching this decision, the order relied on binding Ninth Circuit caselaw that Plaintiffs cited in their supplemental brief.  (*See* Dkt. No. 30-1 at 10–11 (citing *Capriole*).)

Plaintiffs explain that they "did not foresee that the Court would reject [their] argument based on insufficient record evidence."  (Dkt. No. 41 at 6 n. 3.)  But, as their motion makes clear, Plaintiffs made a tactical choice.  They did not seek additional discovery to support their new FAA section 1 theory either before the motion was adjudicated or by requesting such discovery in the alternative in their opposition brief.  Instead, they chose to oppose Blacklane's motion on the existing record and await a ruling.  *Compare Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 832–33 (9th Cir. 2022) (no waiver of discovery where the court found a material factual dispute and the party with the burden of proof "noted in its motion that if the district court did not grant its motion, it requested leave to engage in limited discovery" as to that issue), *with Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1220 (9th Cir. 2019) (explaining that a party waived its right to discovery when it failed to "pursue additional discovery at the outset" and instead made the

---

[2] Because the effect of the agreement was an intervening development, Plaintiffs' failure to raise the FAA section 1 argument in their first opposition brief did not constitute waiver of the argument.

request "in a two-line footnote in a reply brief").

Because Plaintiffs failed to submit evidence sufficient to raise a genuine dispute of material fact and made no request for discovery, disposition on the existing record was appropriate.  Plaintiffs may now regret their strategic decision, but that is not a basis to reopen discovery and motion practice.  Such a practice would subject the courts to endless rounds of arbitration motions in which parties submit minimal evidence with knowledge that they may try again to provide incrementally more evidence if they fall short.  Furthermore, the Court was not required to order discovery *sua sponte* where (1) Plaintiffs did not raise a material factual dispute and (2) no party requested discovery prior to entry of the ruling.

For the forgoing reasons, Plaintiffs' Motion is **DENIED**.


**IT IS SO ORDERED.**

Dated: January 20, 2026

RITA F. LIN
United States District Judge

3